NOT DESIGNATED FOR PUBLICATION

No. 128,796

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COREY J. HALL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed May 15, 2026. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Corey J. Hall timely appeals from the district court's decision to revoke his probation and order him to serve a modified prison sentence. He argues his probation terminated prior to the violation that resulted in his probation being revoked; thus, he asserts the district court lacked jurisdiction to revoke his probation. After careful review, we find no error; therefore, we affirm.

Hall pled no contest to two counts of aggravated assault. On January 28, 2022, the district court sentenced him to 44 months' imprisonment but granted a dispositional

1

departure to 24 months' probation. In December 2023, a warrant was filed alleging Hall violated the terms of his probation by failing to report to his probation supervisor, failed to make payments, and failed to submit to requested urinalysis testing. On March 27, 2024, Hall admitted to violating his probation and, that same day, the district court extended Hall's probation for an additional four months.

The closing stretch of Hall's probation did not go well. A new probation violation warrant was filed on June 5, 2024, alleging Hall violated his probation by committing new crimes. Hall eventually pled guilty to burglarizing a Dollar General store on June 2, 2024, and admitted it was a violation of his probation in this case. The district court revoked his probation and ordered Hall to serve a modified sentence of 41 months' imprisonment.

Hall argues the district court lacked jurisdiction to revoke his probation, asserting his probation ended on May 26, 2024; thus, he could not have violated his probation by committing new crimes on June 2, 2024. He claims the district court extended his probation by four months, which simply means it was extended four months from the date it was originally set to expire in January 2024.

We do not take such a rigid view of the district court's order. Rather, when reviewing the disposition of a probation violation, we look to the overall context of the district court's ruling as a whole. See *State v. Lemaster*, No. 126,971, 2025 WL 66406, at *2 (Kan. App.) (unpublished opinion) ("[D]istrict courts frequently use the phrase "'revoked and reinstated'" to mean a probation violation has been found, a nonprison sanction will be imposed, and the probationer will remain on probation."), *rev. denied* 321 Kan. 793 (2025).

Hall's argument is unpersuasive. His decision to break into a Dollar General store was ill-timed. At the first probation violation hearing on March 27, 2024, the district

2

court told Hall, "You'll be released today." The district court then stated, "It's *four more months* and then you'll be done, just so we're all clear." (Emphasis added.) In context, this clearly referred to an additional four months from the date of the probation violation hearing. This was something Hall even recognized when arguing for disposition at the second probation violation hearing, noting the new crimes were committed when he had less than two months remaining on probation. If the district court had intended Hall's probation to end in May 2024, it would have extended probation by two months, not four.

Hall's probation was extended four months from the date of the first violation hearing, meaning his probation would end in late July 2024. By committing new crimes in early June 2024, Hall violated his probation. Before the district court, Hall admitted the new crimes were a violation of his probation. On appeal, Hall does not contest his new conviction was a violation of his probation if it was still in effect, nor does he argue the district court erred in revoking his probation if it was still in effect. Hall failed to demonstrate any error in the district court's decision.

Affirmed.